UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**HENRY ROBERT JEAN LEGER**           **CIVIL ACTION NO. 2:10-cv-1922**
**A200 672 505**                                        **SECTION P**

**VERSUS**                                                     **JUDGE MINALDI**

**J.P. YOUNG, ET AL**                                **MAGISTRATE JUDGE KAY**

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed on December 29, 2010, by *pro se* petitioner, Henry Robert Jean Leger, pursuant to 28 U.S.C. §2241.  Petitioner is an alien in the custody of the Bureau of Immigrations and Customs Enforcement (ICE) who is being detained at the Federal Detention Center, Oakdale, Louisiana, pending his removal to Haiti.

Petitioner asks this court to  (1) order his release from custody and, (2) stay all further steps to remove him to his native country.  Petitioner has also filed a motion for injunctive relief [Doc. 3] to prevent the removal proceeding from moving forward.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636.  For the following reasons it is recommended that the petition be **DISMISSED** and the request for a Stay of Removal be **DENIED** because the District Court lacks jurisdiction to consider petitioner's claims.

*Background*

Petitioner is a native of Haiti.  On October 24, 2002, he was charged by indictment with various counts of conspiracy, embezzlement, stealing, fraud, false statements, and forgery.  The offensive conduct commenced in 1994 and was complete in 2000.  See, *Leger v. The United*

*States of America*, 1:10- CV 21844, U.S. District Court, Southern District of Florida (Miami), Doc. 28, pgs. 2, 5.  He was arrested on the charges in August 2008, and he was tried on July 14, 2009.  *Leger v. The United States of America*, Doc. 28, p. 18.  A jury found petitioner guilty on six counts of the indictment, and he was sentenced on or about September 30, 2009.  He appealed his conviction and it was affirmed by the Eleventh Circuit Court of Appeals.  *United States v. Leger,* 377 Fed.Appx. 911 (11th Cir. 2010).

On June 4, 2010, petitioner filed a Motion (Complaint) to Vacate/Set Aside/Correct Sentence  pursuant to 28 U.S.C. §2255.  *Leger v. The United States of America*, 1:10- CV 21844, U.S. District Court, Southern District of Florida (Miami).  A Report and Recommendation was issued in that matter on February 4, 2010, recommending denial of the motion.  An Immigration Detainer was issued on November 3, 2010.

Petitioner filed the instant matter on  December 29, 2010.  As previously stated, he asks the court  (1) to order his release from custody and, (2) to stay all further steps to remove him to his native country.  Petitioner's motion for injunctive relief  [Doc. 3] also seeks to prevent the removal proceeding from moving forward pending the outcome of the his Motion (Complaint) to Vacate/Set Aside/Correct Sentence  pursuant to 28 U.S.C. §2255 filed in *Leger v. The United States of America*, 1:10- CV 21844, U.S. District Court, Southern District of Florida (Miami).

### *Law and Analysis*

On May 11, 2005, the REAL ID Act of 2005 was signed into law as Pub.L. No. 109-13, §106(c), 119 Stat. 231 (2005).   The REAL ID Act divests federal district courts of jurisdiction over § 2241 *habeas corpus* petitions attacking removal orders.[1]  *See Hernandez-Castillo v.*

---

[1] Section 106(a) of the REAL ID Act of 2005 amends INA § 242(a) to provide that a petition filed in the appropriate court of appeals in accordance with § 242 is the sole and exclusive means for obtaining judicial review

*Moore*, 436 F.3d 516, 518 (5th Cir.2006); *Ramirez-Molina v. Ziglar*, 436 F.3d 508, 512 (5th Cir.2006) ("... the REAL ID Act, Pub.L. No. 109-13, 119 Stat. 231, which amends the Immigration and Nationality Act ('INA') by explicitly foreclosing habeas review of removal orders and by providing that a petition for review is the sole and exclusive means of judicial review for all removal orders..."); *Rosales v. Bureau of Immigration & Customs Enforcement*, 426 F.3d 733, 736 (5th Cir.2005) ("The Act amends the jurisdictional provisions of the Immigration and Nationality Act, altering the way in which noncitizens can seek judicial review of administrative orders of removal. Section 106 of the REAL ID Act has divested federal courts of jurisdiction over § 2241 petitions attacking removal orders...").

In *Moreira v. Mukasey*, 509 F.3d 709, 712 (5th Cir.2007) the Fifth Circuit determined that 8 U.S.C. § 1252(a)(5)[2] as amended by the Real ID Act has essentially "divested district courts of jurisdiction over removal orders and designated the courts of appeals as the sole forums for such challenges via petitions for review." Further, that portion of the Real ID Act codified at 8 U.S.C. §1252(b)(9)[3] requires petitioners to consolidate their questions for judicial review exclusively in a petition for review <u>in the appropriate appellate court</u>. Thus §1252(a)(5) and

---

of an order of removal, and that a petition for writ of habeas corpus is not an appropriate vehicle for challenging a removal order. REAL ID Act § 106(a)(1)(A)(iii). These jurisdictional amendments became effective on May 11, 2005. *Id. § 106*(b).

[2] Section 8 U.S.C. §1252(a)(5) provides: "Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, <u>a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter</u>, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, <u>the terms 'judicial review' and 'jurisdiction to review' include habeas corpus review pursuant to section 2241 of Title 28</u>, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory)." Emphasis added.

[3] Section 1252(b)(9) provides: "Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other

§1252 (b)(9) – the so-called "jurisdiction-channeling provisions" of the Real ID Act – require aliens subject to removal to pursue adjustment of status through a motion to reopen their removal proceedings with the Immigration Judge followed by a petition for review of the final removal order which must be filed in the appropriate court of appeal. *Akinmulero v. Holder*, 347 Fed. Appx. 58, 61 (5th Cir.2009). In short, this Court lacks jurisdiction to consider petitioner's *habeas* claim attacking his removal order.

Finally, this Court also lacks jurisdiction to grant stays of removal. *Idokogi v. Ashcroft*, 66 Fed. Appx. 526 (5th Cir.2003). Therefore, petitioner's motion for injunctive relief must be denied.

*Conclusion and Recommendation*

Based upon the foregoing,

**IT IS RECOMMENDED** that the petition for writ of *habeas corpus* be **DISMISSED** for want of jurisdiction and that petitioner's request for a stay of removal be **DENIED.**

**IT IS ALSO RECOMMENDED** that all pending motions [including but not limited to Doc. 3] be **DENIED.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b),**

---

provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact."

shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Lake Charles, Louisiana on this 3rd day of April, 2011.

_____
**KATHLEEN KAY**
**UNITED STATES MAGISTRATE JUDGE**